UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GHOLSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| | ) | 4:18-cv-00970-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant William Gholson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On October 7, 2011, movant pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine and fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846, and three counts of distribution in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On March 5, 2012, the Court sentenced movant to an aggregate term of 204 months of imprisonment and five years of supervised release. Movant did not appeal.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In this case, the judgment became final fourteen days after the judgment was entered on March 5, 2012. Fed. R. App. Proc. 4(b)(1). As a

result, the one-year period of limitations under § 2255 expired on March 19, 2013. The instant motion was placed in the prison mail system by movant on April 20, 2018. Therefore, it appears to be time-barred.

Movant attempts to circumvent the one-year limitations period by claiming he is entitled to relief pursuant to *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which was decided on April 17, 2018. In order to take advantage of 28 U.S.C. § 2255(f)(3), there must be a right that has "been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Dimaya*, the Supreme Court determined that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1223. In doing so, it relied on a similar clause in the Armed Career Criminal Act that had been held unconstitutional in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id*. Upon review of movant's criminal case, it does not appear that 18 U.S.C. § 16(b) played any role in movant's charges, conviction, or sentence. Therefore, movant will be ordered to show cause why he believes *Sessions v. Dimaya* applies to his case, and why his motion should not be dismissed as time-barred. Movant will have twenty-one days to do so.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 26th day of July, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE