UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GHOLSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| | ) | 4:18-cv-00970-AGF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant William Gholson's response to the Court's order to show cause. (Docket No. 7). On July 26, 2018, the Court ordered movant to show cause why his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence should not be dismissed as time barred. Upon review of movant's response, and for the reasons discussed below, movant's motion will be denied and dismissed as time barred pursuant to 28 U.S.C. § 2255(f).

**Background**

On October 7, 2011, movant pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine and fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846, and three counts of distribution in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United States v. Reedus, et al.*, No. 4:10-cr-618-AGF (E.D. Mo.). On March 5, 2012, the Court sentenced movant to an aggregate term of 204 months' imprisonment and five years' supervised release. Movant did not appeal.

On June 14, 2018, movant filed a document construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). In the motion, movant sought relief under the United States Supreme Court ruling in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018).

The Court issued a memorandum and order on July 26, 2018, directing movant to show cause why his § 2255 motion should not be dismissed as time barred. (Docket No. 2). In the order, the Court noted that upon review of movant's criminal case, it did not appear that the residual clause of 18 U.S.C. § 16(b), which the Supreme Court in *Dimaya* held unconstitutional, played any role in movant's charges, conviction, or sentence.

Movant filed his response with the Court on October 25, 2018. (Docket No. 7). Despite initially asserting a right to relief based on *Dimaya*, movant's response appears to abandon that position, as *Dimaya* is not mentioned. Rather, movant contends that his basis for relief stems from *Beckles v. United States*, 137 S.Ct. 886 (2017). Movant argues that he does not believe he meets the criteria to be sentenced as a Career Offender.

**Discussion**

The Court ordered movant to show cause why his motion to vacate, set aside, or correct sentence should not be denied and dismissed as time barred. Having carefully reviewed movant's response, the Court concludes that his arguments are without merit, and that this action is time-barred under 28 U.S.C. § 2255(f).

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In this case, the judgment became final fourteen days after the judgment was entered on March 5, 2012. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on March 19, 2013. The instant motion was placed in the prison mail system by movant on April 20, 2018, just over five years after the limitations period expired. Therefore, it appears to be time-barred.

Movant initially attempted to circumvent the one-year limitations period by claiming he is entitled to relief pursuant to *Dimaya*, which was decided on April 17, 2018. In order to take advantage of 28 U.S.C. § 2255(f)(3), there must be a right that has "been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Dimaya*, the Supreme Court determined that the residual clause of 18 U.S.C. § 16(b) was unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1223. In doing so, it relied on a similar clause in the Armed Career Criminal Act (ACCA) that had been held unconstitutional in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Id*. Upon review of movant's criminal case, it did not appear that 18 U.S.C. § 16(b) played any role in movant's charges, conviction, or sentence.

The Court ordered movant to show cause why the "newly recognized" right in *Dimaya* applied to his case, such that his motion was timely within the one-year period provided by § 2255(f)(3). Movant's response does not address this question or mention *Dimaya*. As noted above, based on review of movant's criminal case, the residual clause of 18 U.S.C. § 16(b) was not a factor in movant's charges, conviction, or sentence. Therefore, *Dimaya* does not have any bearing on his case.

Instead of relying on *Dimaya*, movant attempts to argue that he is entitled to relief under *Beckles*, and that he does not meet the criteria of a Career Offender. This argument is not persuasive.

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 135 S.Ct. at 2563. Subsequently, in *Beckles*, the Supreme Court dealt with the issue as to whether an identically worded residual clause in the Sentencing Guidelines was similarly unconstitutionally vague. *Beckles*, 137 S.Ct. at

890. The Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id*.

Movant was not sentenced under the ACCA. Therefore, he cannot seek relief under *Johnson*. Rather, he was sentenced as a Career Offender under § 4B.1.1 of the United States Sentencing Guidelines. Since the Supreme Court in *Beckles* stated that the *Johnson* holding does not apply to Career Offenders, his reliance on *Beckles* is misplaced. As such, 28 U.S.C. § 2255(f), extending a one-year limitations period from the date on which a "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," is inapplicable to movant's case. Therefore, movant's motion to vacate, set aside, or correct sentence is subject to dismissal as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED and DISMISSED as time-barred**. *See* 28 U.S.C. § 2255(f).

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate order of dismissal will be entered herewith.

Dated this 23rd day of January, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE